0232

Charles B. BRYAN, Jr., Respondent, v. Mary Bush M. BRYAN, Appellant.
(319 S. E. (2d) 360)

Court of Appeals

*Jan L. Warner* and *C. Dixon Lee, III*, Sumter, *for appellant.*

*Susan King Dunn* of *Shimel, Ackerman, Theos & Spar,* Charleston, *for respondent.*

Heard June 26, 1984.

Decided Aug. 17, 1984.

SANDERS, Chief Judge:

This is an appeal by the mother of minor children from a family court order reducing the amount of monthly child support payments required of their father. We reverse.

By amended divorce decree dated October 16, 1979, the father was ordered to pay $500 monthly child support, to be adjusted each year by the Consumer Price Index. He was granted "reasonable rights of visitation" with the parties' children provided he gave certain advance notice. The record indicates the parties returned to court on one or more occasions concerning problems with visitation. Then in July 1981, the father petitioned the Family Court to "establish a set pattern of visitation." The mother answered and made various counterclaims. Concerning the monthly child support payments, she alleged the father had issued bad checks for child support, had not paid the support on time, and had not increased the support in line with the Consumer Price Index. She requested the court enforce "the timeliness and amounts" of child support.

The family court judge awarded the mother certain relief. As to the monthly child support payments, he specified the method of making adjustments based on the Consumer Price Index and provided how and when payments should be made. He also set specific visitation for the father during school months and granted the father two 3-week periods of summer visitation. The father testified he would send the children to camp one week during the summer. The judge then reduced the June and July child support payments by one-half because of the extent of summer visitation and the father's paying for camp.

In our opinion, the family court judge erred, as a matter of law, in reducing the child support required of the father because this issue was not raised by the pleadings of the parties.

Due process requires that litigants be placed on notice of the issues which a court is to consider. *Bass v. Bass,* 272 S. C. 177, 249 S. E. (2d) 905 (1978). While it is true that pleadings in the Family Court are liberally construed, this rule cannot be applied to permit the award of relief not contemplated by the pleadings. *Bass; see also Crocker v. Crocker,* 314 S. E. (2d) 343, S. C. App. (1984), *citing Glass v. Glass,* 276 S. C. 625, 281 S. E. (2d) 221 (1981) (judgment or decree, in law or equity, must conform to both pleadings and proof and be in accord with theory on which pleadings are framed and case is tried).

For this reason, the portion of the family court order reducing the child support obligation of the father is

Reversed.

GARDNER and GOOLSBY, JJ., concur.