0340

STANDARD ROOFING COMPANY, INC., Plaintiff-Respondent, v. DEAN CONSTRUCTION COMPANY, INC., Defendant & Third-Party Plaintiff-Respondent, v. CAROLINA BABY, INC., Third-Party Defendant-Appellant.

(324 S. E. (2d) 334)

Court of Appeals

*Robert M. Rosenfeld,* of *Porter & Rosenfeld,* Greenville, *for third-party defendant-appellant.*

*Robert M. White,* Greenville, *for plaintiff-respondent.*

*W. Benjamin McClain, Jr.,* of *Varner & McClain,* Greenville, *for defendant and third-party plaintiff-respondent.*

Heard Sept. 17, 1984.

Decided Dec. 17, 1984.

SHAW, Judge:

This is an appeal from a circuit court order holding respondent Standard Roofing Company, Inc., can recover from respondent Dean Construction Company, Inc., and that Dean can recover from appellant Carolina Baby, Inc., in an action involving repairs to one of Carolina's stores. We reverse.

Respondent Dean Construction Company, Inc., contracted in writing with appellant Carolina Baby, Inc., to remodel a store. Dean claims it also agreed orally with Carolina that Carolina would pay all expenses related to flashing holes in the roof. Dean subcontracted with Standard Roofing Company, Inc. for the flashing. After performing, Standard brought an action against Dean for the value of its work, $2,200.00. Dean brought this third-party action against Carolina to reform the written contract to reflect the alleged oral agreement concerning flashing, seeking indemnification of the amount it might have to pay Standard. The court refused to reform the Dean-Carolina contract, holding Dean is entitled to indemnification based on a finding the contract documents do not expressly hold Dean liable for flashing, and, the principle of unjust enrichment.

As noted, Dean asked for relief based on reformation and indemnification; it did not seek relief under the contract documents or restitution. Therefore, the trial court erred by going beyond the scope of the pleadings and granting relief on theories not pleaded. Judgments "not supported by the theor[ies] of action on which the pleadings [are] framed [are] fatally defective." *Crocker v. Crocker*, 281 S. C. 154, 314 S. E. (2d) 343, 346 (Ct. App. 1984); *Bryan v. Bryan*, ____ S. C. ____, 319 S. E. (2d) 360, 360 (Ct. App. 1984); *Glass v. Glass*, 276 S. C. 625, 281 S. E. (2d) 221, 222 (1981).

Reversed.

BELL and GOOLSBY, JJ., concur.