0344

MAYHILL HOMES CORPORATION, Respondent, v. FAMILY FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant.

(324 S. E. (2d) 340)

Court of Appeals

*John B. Duggan* and *M. Thomas Webber, Jr.*, of *Edwards, Duggan & Reese, P.A.*, Greer, *for appellant.*

*Amos A. Workman,* of *Butler, Means, Evins & Browne,* Spartanburg, *for respondent.*

Heard Oct. 23, 1984.

Decided Dec. 19, 1984.

SHAW, Judge:

Respondent Mayhill Homes Corporation brought this action against appellant Family Federal Savings and Loan Association to enforce a financing arrangement under the letter of credit provisions of the Uniform Commercial Code, S. C. Code Ann. Sections 36-5-101 to -117 (1976). The trial court enforced the arrangement based on contract principles. We reverse.

Nat Hill Homes, Inc., a general contractor, contracted to buy a house package from Mayhill, a manufacturer of prefabricated houses. Nat Hill obtained financing to erect the house from Family Federal. On September 3, 1980, Family Federal wrote Mayhill it would "pay the amounts due ... under the [Nat Hill] order.... not later than 45 days [after] the confirmation of the receipt of delivery and acceptance of the house package is delivered to us signed by the builder, provided that the house is erected in place.... and the percentage of completion is deemed reasonable."

Once the documents were delivered and the house was 90% complete, Mayhill demanded its final payment. However, because it had been served with mechanic's liens by several Nat Hill creditors, Family Federal refused to pay. Mayhill based its complaint on the letter of credit theory. The trial court based its order on a contract theory, finding Family Federal's agreement was not a "pure" letter of credit.

The terms "letter of credit" and "contract" are not synonymous; in fact, while Mayhill's complaint uses the term "letter of credit" sixteen times, it never mentions the word "contract." A "letter of credit is not itself a contract." White & Summers, *Handbook of the Law Under the Uniform Commercial Code,* 711 (2d ed. 1980). Therefore, the trial court erred by considering and basing its order on an issue not pled. "Due process requires that litigants be placed on notice of the issues which a court is to consider." *Bryan v. Bryan,* S. C., 319 S. E. (2d) 360 (Ct. App. 1984). This court has

made it clear it will not affirm a judgment that grants relief on an issue not pled. *Crocker v. Crocker,* 281 S. C. 154, 314 S. E. (2d) 343 (Ct. App. 1984); *Standard Roofing Co., Inc. v. Dean Construction Co., Inc.,* 324 S. E. (2d) 334 (Ct. App. 1984).

Reversed.

CURETON, J., concurs.

GOOLSBY, J., concurs in result.