# IN THE SUPREME COURT, STATE OF WYOMING

## 2022 WY 9

OCTOBER TERM, A.D. 2021

January 18, 2022

CALLI CORNELLA, PHILLIP
CORNELLA, and CALLI and PHILLIP
CORNELLA as next friends of JPC, BNC and
SPC,

Appellants
(Plaintiffs),

v.

CITY OF LANDER, WYOMING,

Appellee
(Defendant).

S-21-0135

*Appeal from the District Court of Fremont County*
*The Honorable Marvin L. Tyler, Judge*

*Representing Appellant:*
> Sky D. Phifer of Phifer Law Office, Lander, Wyoming; Zachary H. Mahlum of Mahlum Law Office, Lander, Wyoming. Argument by Mr. Phifer.

*Representing Appellee:*
> Richard Scott Rideout of Law Offices of Richard Rideout, P.C., Cheyenne, Wyoming. [*]

*Before FOX, C.J., and DAVIS[**], KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

[*]Mr. Rideout passed away on December 20, 2021; Theodore R. Racines entered his appearance January 5, 2022.
[**]Justice Davis retired from judicial office effective January 16, 2022, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (LexisNexis 2021), he was reassigned to act on this matter on January 18, 2022.

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]    The Cornella family brought a negligence claim against the City of Lander under Wyoming Governmental Claims Act (WGCA) § 1-39-112 (LexisNexis 2021) after an officer removed a bat from their home and lost it before it could be tested for rabies.  The district court concluded that the Cornellas' claim was barred by governmental immunity and granted summary judgment to the City.  The Cornellas appeal, arguing that the court erred both procedurally and as a matter of law when it granted summary judgment.  Because we conclude the court erred in both respects, and the City was not otherwise entitled to summary judgment on the record presented, we reverse and remand for further proceedings consistent with this opinion.

## *ISSUES*

[¶2]    The issues are:

> I.  Did the district court err procedurally when it granted summary judgment to the City?

> II.  Did the district court err as a matter of law when it granted summary judgment to the City?

## *FACTS*

[¶3]    On September 12, 2016, Ms. Cornella found a bat in her sons' bedroom and called the Animal Control Division of the Lander Police Department.  Officer Fred Cox responded to the Cornella's home.[1]  He found the bat inside the home, captured it with a net, and put the net in the bed of his pickup truck to transport the bat to the Wyoming Game and Fish Department office so it could be tested for rabies.  Shortly thereafter, Officer Cox called Ms. Cornella to let her know that the bat had escaped from the net during transport and could not be tested.

[¶4]    Ms. Cornella reached out to Game and Fish and was told to call the public health office.  The public health office referred her to State Veterinarian, Karl Musgraves.  Dr. Musgraves told Ms. Cornella that seven bats in the area had recently tested positive for rabies.  He advised her to have her sons checked by a doctor for bite marks but cautioned that bat bite marks were not always visible.  He recommended that the whole family get rabies vaccines even if they had no visible bite marks.

---

[1] Officer Cox worked as an "Animal Control Officer II/Enforcement Officer" in the Animal Control Division of the Lander Police Department.

[¶5]   The Cornellas' physician found no visible bite marks on the two boys.  The Cornellas then took all three of their children to the hospital, where an emergency room doctor concurred that the whole family should get rabies vaccines.  The Cornellas all received their first dose that night, and followed up with the three-, seven-, and fourteen-day doses to complete the regimen.  The medical bills for their vaccines totaled $83,007.60.

[¶6]   In July 2019, the Cornellas filed a complaint against the City seeking $133,007.60 in damages for the cost of the rabies vaccines, mental anguish, time spent coordinating with state officials and medical professionals, and damage to their credit ratings.  The City filed a summary judgment motion, which the court granted in April 2021.

[¶7]   Additional facts will be included in the discussion as necessary.

## STANDARD OF REVIEW

[¶8]   "We review a district court's order granting summary judgment de novo and afford no deference to the district court's ruling." *James v. James*, 2021 WY 96, ¶ 23, 493 P.3d 1258, 1265 (Wyo. 2021) (quoting *Candelaria v. Karandikar*, 2020 WY 140, ¶ 11, 475 P.3d 548, 551 (Wyo. 2020)).  We "review[] the same materials and use[] the same legal standard as the district court." *Id.* (quoting *Candelaria*, ¶ 11, 475 P.3d at 551).  Summary judgment is only appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." W.R.C.P. 56(a).

[¶9]   The interpretation of the rules of procedure is a question of law we review de novo. *Vahai v. Gertsch*, 2020 WY 7, ¶ 25, 455 P.3d 1218, 1226 (Wyo. 2020) (citation omitted).  To the extent we need to interpret statutory language, our review is de novo.  *Bruce v. Bruce*, 2021 WY 38, ¶ 26, 482 P.3d 328, 335 (Wyo. 2021) (citation omitted).

## DISCUSSION

I.    ***The district court erred procedurally when it granted summary judgment on grounds not raised by the parties without giving notice and time to respond.***

[¶10]  The Cornellas contend the district court failed to follow proper procedure when it granted summary judgment to the City on grounds not raised by the parties without giving them "notice and a reasonable time to respond."

[¶11]  Summary judgment procedure is governed by W.R.C.P. 56.  As a whole, W.R.C.P. 56 "clearly contemplates a motion and full adversary proceedings before a summary judgment is granted." *Basic Energy Servs., L.P. v. Petroleum Res. Mgmt., Corp.*, 2015 WY 22, ¶ 20, 343 P.3d 783, 789 (Wyo. 2015) (quoting *Union Pacific R.R. Co. v. Caballo Coal Co.*, 2011 WY 24, ¶ 31, 246 P.3d 867, 875 (Wyo. 2011)).  Under W.R.C.P. 56(f)(2), the court may, "[a]fter giving notice and a reasonable time to respond," "grant the motion

on grounds not raised by a party[.]" "The basic premise . . . is to require a full presentation of the issue to the district court before judgment is rendered." *Id.* (citing *Caballo Coal*, ¶ 33, 246 P.3d at 875–86).

[¶12]  The Cornellas brought their claim under § 1-39-112 of the WGCA, which provides that "[a] governmental entity is liable for damages resulting from tortious conduct of peace officers while acting within the scope of their duties." Specifically, the Cornellas claimed that Officer Cox was negligent in capturing and delivering the bat for testing, and that Police Chief Robert Cecrle, Officer Cox's supervisor, was negligent in training Officer Cox on how to properly secure a potentially rabid bat. The Cornellas' complaint alleged:

> 25. At all times herein, [Officer] Cox and [Chief] Cecrle were peace officers of the City of Lander in the City of Lander's Police Department and were each acting within the scope of their duties as a Lander peace officer.

The City answered:

> 25. The Defendant admit[s] the allegations contained in paragraph 25 of the Plaintiffs' Complaint.

[¶13] The City moved for summary judgment, primarily asserting that the torts of "negligent transportation" and "negligent failure to train" were not recognized exceptions to governmental immunity, *see infra* ¶¶ 17–18, and that the Cornellas could not establish negligence to satisfy their § 1-39-112 claim because they could not show that Officer Cox or Chief Cecrle owed them a duty of care.[2] The Cornellas responded to the motion, the City filed a reply, and the Cornellas supplemented their response—the parties' arguments remained within the scope of those made in the City's summary judgment motion. The court held a hearing on the motion in December 2020.[3]

[¶14] The court recognized in its summary judgment order that the primary issue was whether Officer Cox or Chief Cecrle owed a duty to the Cornellas. But it explained:

> In analyzing whether a duty exists based upon operation of a statute, the [court] literally stumbled upon Wyo. Stat. Ann. § 15-1-103(a)(l),[4] which dispositively changed the primary

---

[2] For purposes of its motion, the City accepted the recitation of facts included in the Cornellas' complaint and notice of claim, stating that "[t]he relevant facts are undisputed and brief." Thus, our summary of the facts, *supra* ¶¶ 3–6, directly reflects the facts set forth in the Cornellas' complaint and notice of claim.
[3] This hearing was not recorded.
[4] Wyo. Stat. Ann. § 15-1-103(a)(l) (LexisNexis 2021) authorizes "[t]he governing bodies of all cities and towns" to "[a]ppoint special municipal officers" such as animal control officers, "who are not certified as

3

[summary judgment] issue from the existence of a duty to the focus of whether governmental immunity was waived under the WGCA exception in Wyo. Stat. Ann. § 1-39-112. This statute (*i.e.*, Wyo. Stat. Ann. § 15-1-103(a)(l)) was never cited or raised by either party in their summary judgment submittals or in their arguments.

W.R.C.P. 56 requires that the parties be permitted to fully present their positions and arguments upon the issues, and the accepted due process procedure is to have the parties submit additional briefing and arguments upon the discovery of a previously unaddressed issue before a court makes a determination and/or enters a dismissal. *Jenkins v. Miller*, 2008 WY 45, ¶¶ 20–21, 180 P.3d 925, 932–33 (Wyo. 2008); *Union Pacific R. Co. v. Caballo Coal Co.*, 2011 WY 24, ¶ 31, 246 P.3d 867, 875 (Wyo. 2011); *Basic Energy Services, L.P. v. Petroleum Resource Management, Corp.*, 2015 WY 22, ¶ 20, 343 P.3d 783, 789 (Wyo. 2015). However, in this instance, the [c]ourt cannot ignore the legislative intent specifically expressed in Wyo. Stat. Ann. § 15-1-103(a)(l) regarding governmental immunity.

Then, relying on Wyo. Stat. Ann. §§ 7-2-101 through -107 (LexisNexis 2021), which generally address peace officers' statutory authority,[5] the court concluded that neither Officer Cox nor Chief Cecrle were acting within the scope of their duties as peace officers at the times relevant to the Cornellas' claim. It determined they were instead acting as an animal control officer, and an animal control supervisor, respectively. Thus, the City was immune from tort liability under § 1-39-112 by operation of § 15-1-103(a)(l), and the City was entitled summary judgment as a matter of law.

[¶15] The court's conclusion it could not "ignore" § 15-1-103(a)(l) was in error, as we have consistently held that the procedural protections afforded by Rule 56(f)(2) reign supreme. *See Caballo Coal*, ¶ 31, 246 P.3d at 875 ("The concepts of notice, [] and opportunity to be heard are ancient primaries . . . However correct the conclusion below may be in the end, we cannot allow the shaving of principles for expediency when those precepts assure order and justice." (quoting *Kimbley v. Green River*, 642 P.2d 443, 445–46

---

peace officers," and specifically provides that these officers are not peace officers for the purposes of § 1-39-112.

[5] These statutes address a wide range of issues. *See* Wyo. Stat. Ann. §§ 7-2-101 (definitions), 7-2-102 (preconditions for arrests), 7-2-103 (issuance of citations), 7-2-104 (authority to seize deadly weapons; disposition), 7-2-105 (disposition and appraisal of property seized or held; notice and order to show cause; judgment), 7-2-106 (extraterritorial authority of peace officers; requests for assignment of peace officers; liability; compensation), 7-2-107 (arrest or detention of persons with diplomatic immunities).

(Wyo. 1982))). Accordingly, once the court sua sponte changed the dispositive summary judgment issue from "the existence of a duty" to "whether governmental immunity was waived," W.R.C.P. 56(f)(2) required it to give the parties notice of its intent to rule on that newly identified issue and afford them reasonable time to respond.

[¶16] Because neither party raised, nor had an opportunity to argue, whether § 15-1-103(a)(l) afforded the City immunity, the district court violated W.R.C.P. 56 when it granted summary judgment on this ground.

## II. The district court erred as a matter of law when it granted summary judgment based on Wyo. Stat. Ann. § 15-1-103(a)(l) immunity.

[¶17] The WGCA "provides broad governmental immunity from tort liability." *Varela v. Goshen County Fairgrounds*, 2020 WY 124, ¶ 13, 472 P.3d 1047, 1052 (Wyo. 2020) (quoting *Fugle v. Sublette Cty. Sch. Dist. No. 9*, 2015 WY 98, ¶ 6, 353 P.3d 732, 734 (Wyo. 2015)). As "a closed-end tort claims act," "it bars any claim against a governmental entity or its employees unless it falls within one of the statutory exceptions." *Id.* ¶ 13, 472 P.3d at 1052–53 (citing *Craft v. State ex rel. Wyo. Dep't of Health*, 2020 WY 70, ¶ 27, 465 P.3d 395, 403 (Wyo. 2020)).

[¶18] The Cornellas claimed an exception under § 1-39-112, which provides that "[a] governmental entity is liable for damages resulting from tortious conduct of peace officers while acting within the scope of their duties." Because the district court concluded that Officer Cox and Chief Cecrle were special municipal officers under § 15-1-103(a)(l) and were not acting within the scope of their duties as peace officers, it determined that § 1-39-112 did not apply. *See supra* ¶ 14. As explained below, each of these conclusions is flawed.

[¶19] First, the court improperly applied Wyo. Stat. Ann. § 15-1-103(a)(l) to the undisputed facts of this case. As shown above, *supra* ¶ 14 n.4, this provision allows only those "**who are not certified as peace officers**" to be appointed as "special municipal officers." Wyo. Stat. Ann. § 15-1-103(a)(l) (emphasis added). The district court effectively read this limitation out of the statute by overlooking the City's admission, *see supra* ¶ 12, and the following undisputed facts: Officer Cox's job description labeled him "a certified police officer"; Officer Cox's job qualifications required "successful completion of the Wyoming Law Enforcement Academy Basic Peace Officer Course[,]" and stated that he "[m]ust be [a] P.O.S.T. certified reserve police officer"; and Chief Cecrle's job qualifications required him to be a "P.O.S.T. certified professional police officer[.]" (Emphasis omitted.) The record on summary judgment makes clear that Officer Cox and Chief Cecrle were certified peace officers. Therefore, they cannot be "special municipal officers" and the immunity afforded by § 15-1-103(a)(l) does not apply.

5

[¶20] Even if the record was not clear that Officer Cox and Chief Cecrle were peace officers subject to § 1-39-112, the district court's approach to evaluating the officers' scope of duties was misguided in that it looked only to the statutory authority of peace officers set forth in Wyo. Stat. Ann. §§ 7-2-101 through -107. Without explanation, the court seemed to conclude that because neither Officer Cox nor Chief Cecrle were exercising authority under those specific statutory provisions during the events that gave rise to this case, they were acting outside the scope of their duties as peace officers for liability purposes. Yet, we have distinguished between a peace officer's statutory authority and legal duties that might give rise to tort liability:

> The general duties of a law enforcement officer are provided by statute and obligate the officer to maintain public order and to make arrests for violation of the laws of the state or the ordinances of any municipality. The statutes provide the **boundaries** of the police function but do not explain where tort liability may arise.

*Becker v. Mason*, 2006 WY 143, ¶ 9, 145 P.3d 1268, 1271 (Wyo. 2006) (quoting *McCoy v. Crook Cty. Sheriff's Dept.*, 987 P.2d 674, 677 (Wyo. 1999)). The court never concluded that Officer Cox and Chief Cecrle acted outside the boundaries of their official authority, it only determined that, because animal control related tasks are not specifically addressed in Title 7, Chapter 2, their actions fell outside of the scope of their duties as peace officers.

[¶21] In limiting its scope of duty analysis to the statutory authority afforded peace officers under Title 7, Chapter 2, the court failed to recognize that the legislature specifically defined "[s]cope of duties" in the WGCA. *See* Wyo. Stat. Ann. § 1-39-103(a)(v) (LexisNexis 2021). We must heed that definition. *See Craft*, ¶¶ 28, 30, 465 P.3d at 403 (using WGCA definitions for "governmental entity" and "public employee"); *Black Diamond Energy of Delaware, Inc. v. Wyoming Oil and Gas Comm'n*, 2020 WY 45, ¶ 46, 460 P.3d 740, 753 (Wyo. 2020) (using WGCA definition for "state"); *Whitham v. Feller*, 2018 WY 43, ¶¶ 14, 20, 415 P.3d 1264, 1267, 1268 (Wyo. 2018) (using WGCA definitions for "governmental entity", "local government", and "scope of duties"); *Boyer-Gladden v. Hill*, 2010 WY 12, ¶ 6, 224 P.3d 21, 25 (Wyo. 2010) (using WGCA definition for "peace officer"); *Krenning v. Heart Mountain Irrigation Dist.*, 2009 WY 11, ¶¶ 12, 22, 200 P.3d 774, 779, 781 (Wyo. 2009) (looking first to the WGCA to define "public corporation" and "public utility").

[¶22] As used in the WGCA "'[s]cope of duties' means performing any duties which a governmental entity requests, requires or authorizes a public employee to perform regardless of the time and place of performance[.]" Wyo. Stat. Ann. § 1-39-103(a)(v). Per his job description, Officer Cox was required to respond to and investigate citizen complaints, utilize special equipment and catch mechanisms, and follow specific procedures for animal bite cases. Chief Cecrle was required to "evaluate[] and assure[]

6

delivery of necessary training needed by the department[.]" Again, the City admitted Officer Cox and Chief Cecrle acted within the scope of their duties as Lander peace officers. *See supra* ¶ 12.

[¶23] For all these reasons, we cannot affirm the district court's substantive rulings on summary judgment. Our inquiry does not stop there, however, because we may affirm a grant of summary judgment on any basis appearing in the record. *Hanft v. City of Laramie*, 2021 WY 52, ¶ 34, 485 P.3d 369, 381 (Wyo. 2021) (citing *Prancing Antelope I, LLC v. Saratoga Inn Overlook Homeowner's Ass'n, Inc.*, 2021 WY 3, ¶ 41, 478 P.3d 1171, 1182 (Wyo. 2021)).

[¶24] In its summary judgment motion, the City first summarily argued that the Cornellas' claim fails as a matter of law because the torts of "negligent transportation" and "negligent failure to train" are not recognized torts under the WGCA. This argument lacks citation to pertinent authority and mischaracterizes the Cornellas' claim. There can be no question that the Cornellas allege negligence, and negligence is a recognized tort under § 1-39-112. *See Rice v. Collins*, 2010 WY 109, ¶¶ 1, 21–22, 236 P.3d 1009, 1011, 1017 (Wyo. 2010) (Mr. Rice brought a negligence claim against Campbell County entities under § 1-39-112); *Becker*, ¶ 6, 145 P.3d at 1270 (Ms. Becker alleged negligence in a § 1-39-112 action); *Board of County Comm'rs of Teton County ex rel. Teton County Sheriff's Dept. v. Basset*, 8 P.3d 1079, 1082, 1087 (Wyo. 2000) (Mr. Bassett alleged negligence against Wyoming Highway Patrol and Teton County Sheriff's Office in a § 1-39-112 action); *Duncan v. Town of Jackson*, 903 P.2d 548, 550–52 (Wyo. 1995) (Ms. Duncan alleged negligence in a § 1-39-112 action).

[¶25] To establish negligence, the Cornellas must prove: "(1) the defendant owed the plaintiff a duty to conform to a specified standard of care; (2) the defendant breached the duty of care; (3) the breach proximately caused injury to the plaintiff; and (4) the injury is compensable by money damages." *Miller v. Sweetwater Cty. Sch. Dist. #1*, 2021 WY 134, ¶ 15, 500 P.3d 242, 246–47 (Wyo. 2021) (quoting *Burns v. Sam*, 2021 WY 10, ¶ 8, 479 P.3d 741, 744 (Wyo. 2021)). As to these elements, the City argued it was entitled to summary judgment as a matter of law because the Cornellas could not establish that Officer Cox and Chief Cecrle owed them a duty of care.

[¶26] Whether a duty exists is a question of law. *See Burns*, ¶ 10, 479 P.3d at 744 (citing *Warwick v. Accessible Space, Inc.*, 2019 WY 89, ¶ 12, 448 P.3d 206, 211 (Wyo. 2019)). A duty arises when,

> "upon the facts in evidence, such a relation exists between the parties that the community will impose a legal obligation upon one for the benefit of the other—or, more simply, whether the interest of the plaintiff which has suffered invasion was entitled to legal protection at the hands of the defendant."

*Warwick*, ¶ 13, 448 P.3d at 211 (quoting *Hendricks v. Hurley*, 2008 WY 57, ¶ 17, 184 P.3d 680, 684 (Wyo. 2008)). "A legal duty may arise from a contract, a statute or the common law." *Id.* ¶ 13, 448 P.3d at 212 (citation omitted).

[¶27]  The Cornellas responded that Officer Cox's and Chief Cecrle's duty of care stems from common law. We agree, as we have long held that "peace officers acting within the scope of their duties have a common law duty to act as reasonable peace officers of ordinary prudence under like circumstances." *Duncan*, 903 P.2d at 552 (applying the reasonable peace officer standard to define the duty owed by an officer in a § 1-39-112 action alleging negligence); *see Becker*, ¶¶ 12–14, 15, 145 P.3d at 1272–73 (using the reasonable peace officer standard as the duty owed by officers in a § 1-39-112 action alleging negligence, and collecting cases in which we concluded that peace officers have a duty to act reasonably under the circumstances); *see also Bassett v. Lamantia*, 2018 MT 119, ¶ 30, 391 Mont. 309, 324, 417 P.3d 299, 311 ("Accordingly, Lamantia owed Bassett a duty to exercise the care that a reasonable officer with similar skill, training, and experience would under the same or similar circumstances."); *Mancini v. City of Tacoma*, 196 Wash.2d 864, ¶ 49, 479 P.3d 656, 668 (2021) ("[P]olice, just like other people, must exercise ordinary reasonable care[.]").

[¶28]  Because the undisputed facts of this case show that Officer Cox and Chief Cecrle were peace officers acting within the scope of their duties, *see supra* ¶¶ 19–22, we conclude that Officer Cox and Chief Cecrle each owed a common law duty to the Cornellas to act as reasonable peace officers under the circumstances. As a result, the City is not entitled to summary judgment as a matter of law and we must reverse the district court's ruling and remand for further proceedings. The remaining elements of the Cornellas' negligence claim, and any defenses the City may raise, are questions to be addressed upon remand.

## CONCLUSION

[¶29]  The district court erred procedurally and as a matter of law when it granted summary judgment to the City, and we conclude the City was not entitled to summary judgment as a matter of law on the undisputed facts of record. For these reasons, we reverse and remand for further proceedings consistent with this opinion.[6]

---

[6] We decline the Cornellas' request to impose sanctions against the City under W.R.A.P. 10.05(c), as Rule 10.05 provides for "[c]osts and penalties on affirmance" and is generally designed to protect appellees from frivolous or meritless appeals. *See Snowden v. Jaure*, 2021 WY 103, ¶¶ 23–24, 495 P.3d 882, 887 (Wyo. 2021); *Lemus v. Martinez*, 2021 WY 66, ¶¶ 39–43, 486 P.3d 1000, 1012–13 (Wyo. 2021); *Zupan v. Zupan*, 2016 WY 78, ¶¶ 16–17, 377 P.3d 770, 776 (Wyo. 2016); *Positive Progressions, LLC v. Landerman*, 2015 WY 138, ¶¶ 45–47, 360 P.3d 1006, 1020–21 (Wyo. 2015).