2008 WY 157

**GOB, LLC, a Wyoming limited liability company, Appellant (Plaintiff),**

v.

**RAINBOW CANYON, INC., a Wyoming corporation; Gary L. Palmer; William Irvine; and Robert E. Deline, Appellees (Defendants).**

No. S–08–0035.

Supreme Court of Wyoming.

Dec. 31, 2008.

Representing Appellant: Steven F. Freudenthal, Freudenthal & Bonds, PC, Cheyenne, Wyoming.

Representing Appellees: Joel M. Vincent, Vincent & Vincent, Riverton, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1]   GOB, LLC, filed a derivative action against Rainbow Canyon, Inc., and three of its shareholders and directors, Gary Palmer, William Irvine, and Robert Deline. GOB asked the district court, *inter alia,* to void an agreement that Rainbow Canyon entered into with Tridem Minerals, LLC, which is solely owned by Mr. Deline. GOB alleged that the agreement was a conflict of interest transaction because of Mr. Deline's position within Rainbow Canyon. The district court determined that no conflict of interest transaction occurred, and that GOB did not fairly and adequately represent the interests of the shareholders. It entered judgment in favor of Appellees. GOB appeals. We hold that GOB may not maintain a derivative action challenging the agreement because it did not own Rainbow Canyon stock at the time of the

transaction it complains of and did not acquire its share of stock by operation of law. Accordingly, we affirm.

### ISSUE

[¶ 2] Appellees raise the following issue, which we find dispositive [1]:

Whether GOB may maintain a derivative action on behalf of Rainbow Canyon for actions taken by shareholders or directors prior to GOB becoming a shareholder?

### FACTS

[¶ 3] The essential facts of this case are undisputed. Rainbow Canyon is a corporation founded in 1959 by four shareholders. Although it is organized as a for-profit corporation, its primary purpose has been to hold title to 120 acres of land in Carbon County, Wyoming straddling the Encampment River. Forty-four acres of this land lie on the west side of the river. The four shareholders operate the corporation as a fishing club. Any costs incurred by Rainbow Canyon, such as taxes and corporate fees, have traditionally been funded by contributions to Rainbow Canyon by its shareholders on a *pro rata* basis.

[¶ 4] In 1998, James Hill, one of the shareholders, became the subject of an involuntary bankruptcy proceeding, and his share of Rainbow Canyon stock became part of the bankruptcy estate. Rainbow Canyon retained counsel to look after its interests in the bankruptcy proceeding and, as a result, incurred approximately $22,000 in legal fees. Mr. Deline, a shareholder and director, paid these legal fees. Rather than repay Mr. Deline directly, Rainbow Canyon entered into an agreement, entitled *Memorandum of Mining Lease and Option to Purchase*, with Tridem Minerals, a company owned by Mr. Deline.[2] The terms of the agreement provided that the $22,000 served as payment for a ten-year mineral lease of the forty-four acres on the west side of the river. At the expiration of that term, pursuant to the agreement, Tridem had the option to purchase the property for an additional $88,000. The agreement was executed on March 10, 2000.

[¶ 5] On September 19, 2000, the Rainbow Canyon shareholders held their annual meeting. The attending shareholders unanimously voted to ratify all actions of the directors since the last meeting. Later that day, the bankruptcy trustee sold Mr. Hill's share of Rainbow Canyon at a public sale to GOB. The bankruptcy court entered an order confirming the sale on December 20, 2000.

[¶ 6] GOB commenced this action on June 27, 2003. In its complaint, GOB alleged several causes of action not relevant to this appeal. It also set forth a cause of action in which GOB alleged that the agreement with Tridem Minerals was void as *ultra vires* because it "was made in violation of the conflict of interest provisions of Wyoming corporate law." Rainbow Canyon responded to the complaint by filing a *Motion to Dismiss Pursuant to Rule 12(b)(6)*. In that motion, Rainbow Canyon contended that GOB could not maintain the *ultra vires* claim because it was derivative in nature and that GOB was not a shareholder at the time that the agreement with Tridem was executed. Additionally, Rainbow Canyon asserted that GOB did not make written demand on Rainbow Canyon to take appropriate action, as required by Wyo. Stat. Ann. § 17–16–742 (LexisNexis 2007).[3] The district court found

---

1. Appellant raises three issues. In short, they are whether the district correctly concluded that (1) GOB does not fairly and adequately represent the interests of similarly situated shareholders, (2) the shareholders approved of the mineral lease, and (3) the lease did not present a conflict of interest. We decline to address these questions in light of our conclusion that GOB may not maintain a derivative suit challenging the mineral lease.

2. Tridem Minerals is a limited liability company, and Mr. Deline is the sole member.

3. Wyo. Stat. Ann. § 17–16–742 states:

   (a) No shareholder may commence a derivative proceeding until:
   (i) A written demand has been made upon the corporation to take suitable action; and
   (ii) Ninety (90) days have expired from the date the demand was made unless the shareholder has earlier been notified that the demand has been rejected by the corporation or unless irreparable injury to the corporation would result by waiting for the expiration of the ninety (90) day period.

that the *ultra vires* claim was derivative in nature and dismissed it because "it is more properly brought as a derivative claim." GOB, however, revived this claim in its *First Amended Complaint* and *Verified Second Amended Complaint*.[4]

[¶ 7] A trial was held after which the district court issued *Findings of Fact, Conclusions of Law and Judgment.* The court found in favor of Appellees on all claims. Regarding the derivative claim, the court determined:

32. With respect to the fairness of the transaction to the corporation, the inquiry must begin with an analysis of the reason(s) for entering into the lease. From an economic standpoint, the plaintiff argued and proved that the transaction did not make economic sense and was not advantageous to the corporation. However, viewed from the standpoint of the shareholders and directors, raising money to pay the corporation[']s attorney's fees occasioned by the prolonged and sanguinary legal battles ... without sacrificing the property of the corporation or degrading its primary purpose as a fishing club, the transaction takes on an entirely different light and the Court cannot and will not find it to be unfair to the corporation.

The court also determined that GOB did not fairly and adequately represent the interests of any of the other Rainbow Canyon shareholders. GOB appeals from the judgment and limits its challenge to the denial of its derivative claim.

### STANDARD OF REVIEW

[¶ 8] The facts in this case are undisputed. "We review decisions involving questions of law *de novo.*" *Wild v. Adrian,* 2007 WY 61, ¶ 8, 155 P.3d 1036, 1038 (Wyo.2007).

### DISCUSSION

[¶ 9] As an initial matter, we must address GOB's assertion that Appellees are precluded from raising the issue presented because they did not file a cross-appeal pursuant to W.R.A.P. 2.01(a)(2). GOB claims that, as a result, Appellees waived the right to argue that GOB has not met the statutory requirements for bringing a derivative suit. We disagree.

[¶ 10] "The distinction between arguing in brief and cross-appealing generally is that a cross-appeal is required to win a change in the judgment, while arguments to support the judgment can be made without a cross-appeal." Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* 2d § 4478.6, at 831 (2002). A survey of cases before this Court involving cross-appeals bears out this distinction. For example, in *Garrison v. CC Builders, Inc.,* the appellees prevailed below, but cross-appealed contending that the damage award was incorrect. 2008 WY 34, ¶ 26, 179 P.3d 867, 875 (Wyo. 2008). In *Diamond B Svcs., Inc. v. Rohde,* the Department of Employment granted a worker's request for unpaid wages but denied an award for interest on the unpaid wages, costs, and attorney fees. 2005 WY 130, ¶¶ 1–2, 120 P.3d 1031, 1035 (Wyo.2005). The employer appealed the award of unpaid wages, and the worker cross-appealed the denial of interest on the unpaid wages, costs, and attorney fees. *Id.* Our history includes many similar examples. *E.g., Wells Fargo Bank v. Hodder,* 2006 WY 128, 144 P.3d 401 (Wyo.2006) (Trust beneficiaries sued Trustee alleging breach of fiduciary duty. Beneficiaries prevailed and Trustee appealed. Beneficiaries cross-appealed seeking attorney fees and prejudgment interest.); *Wallop v. Wallop,* 2004 WY 46, 88 P.3d 1022 (Wyo.2004) (Wife appealed property division in a divorce. Husband cross-appealed contending that the district court made a mathematical error when it calculated the wife's share of an annuity benefit.); *Warnick v. Warnick,* 2003 WY 113, 76 P.3d 316 (Wyo.2003) (Partner sued partnership and remaining partners. Plaintiff partner prevailed on summary judgment and was awarded value of the partnership. Defendants appealed the summary judgment, and the plaintiff appealed the

---

**4.** Neither the *First Amended Complaint* nor the *Verified Second Amended Complaint* specifically states that the *ultra vires* claim was being revived as a derivative action. Rather, they simply include the claim that was previously dismissed. Appellees do not contend that it was improper to raise the derivative claim in this manner.

court's calculation of the partnership share value.).

[¶ 11] GOB presents no authority suggesting that Appellees were required to cross-appeal under the circumstances occurring in this case. The two decisions of this Court that it cites do not support its position. In *Paxton Resources, L.L.C. v. Brannaman,* we dismissed as untimely both the appeal and cross-appeal.[5] 2004 WY 93, ¶ 19, 95 P.3d 796, 802 (Wyo.2004). In *Nish v. Schaefer,* there was no cross-appeal. 2006 WY 85, 138 P.3d 1134 (Wyo.2006). Rather, the losing plaintiff had appealed on the merits and, in a separately docketed case, appealed the district court's award of costs to the defendant. *Id.,* ¶ 22, 138 P.3d at 1142. The plaintiff did not file a brief in the appeal concerning costs, so we dismissed the appeal for lack of prosecution. *Id.* In the appeal on the merits, the plaintiff attempted to raise the issue of costs and we declined to address it. *Id.,* ¶¶ 22–24, 138 P.3d at 1142–43. Both *Paxton Resources* and *Nish* are distinguishable from the current case.

[¶ 12] GOB's position is also contrary to our clearly established rule that we may affirm the judgment of the court below for any reason supported by the record. *E.g., Arnold v. Day,* 2007 WY 86, ¶ 14, 158 P.3d 694, 698 (Wyo.2007); *Johnson v. Anderson,* 768 P.2d 18, 24 (Wyo.1989). GOB's insistence that Appellees are precluded from raising an argument in support of the judgment is contrary to this rule. Moreover, W.R.A.P. 7.03 states: "[T]he reply brief shall precisely and concisely set forth on the first page *those new issues and arguments raised by the brief of the appellee* which are addressed in the reply brief." (Emphasis added.) W.R.A.P. 7.03 plainly contemplates that an appellee, in its brief, may raise additional "issues and arguments." We find no merit in GOB's contention that Appellees were required to file a cross-appeal in order to raise the issue they now present.

[¶ 13] Derivative actions are those "by one or more stockholders to enforce a corporate cause of action." Wright, Miller & Kane, *Federal Practice and Procedure: Civil* 3d § 1821, at 6 (2007). In order to properly proceed with a derivative action, a shareholder must meet certain requirements. Specifically, pursuant to Wyo. Stat. Ann. § 17–16–741:

(a) A shareholder may not commence or maintain a derivative proceeding unless the shareholder:

(i) Was a shareholder of the corporation at the time of the act or omission complained of, or became a shareholder through transfer by operation of law from one who was a shareholder at the time; and

(ii) Fairly and adequately represents the interests of the corporation in enforcing the right of the corporation.

Additionally, W.R.C.P. 23.1 requires that the party bringing a derivative action must allege in the complaint that these statutory requirements have been met:

In a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege that the plaintiff was a shareholder or member at the time of the transaction of which the plaintiff complains or that the plaintiff's share or membership thereafter devolved on the plaintiff by operation of law. . . . The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association.

The contemporaneous ownership rule is designed to prevent the "courts from being used to litigate purchased grievances." Wright, Miller & Kane, *Federal Practice and*

---

5. Notably, the *Paxton* cross-appeal was an attempt to obtain a change in the judgment rather than an affirmance of the judgment. The plaintiffs, who prevailed below on their claims of breach of contract and breach of the duty of good faith and fair dealing, cross-appealed and contested the dismissal of their claims of trespass and punitive damages. *Id.,* ¶ 1, 95 P.3d at 797–98.

*Procedure: Civil* 3d § 1828, at 67; *see also Kamen v. Kemper Finan. Svcs.*, 500 U.S. 90, 100 n. 6, 111 S.Ct. 1711, 1718 n. 6, 114 L.Ed.2d 152 (1991).[6]

[¶ 14] GOB alleged in its *Verified Second Amended Complaint* that:

> GOB LLC was a shareholder at the time of some of the acts complained of herein, and for other acts complained of herein became a shareholder through transfer by operation of law from the U.S. Bankruptcy trustee who was a shareholder at the time of those other acts complained of herein.

The undisputed evidence at trial, however, established that GOB was not a shareholder when the agreement between Rainbow Canyon and Tridem was made. The transaction it complains of—the agreement with Tridem—occurred on March 10, 2000. GOB purchased its share of Rainbow Canyon from the bankruptcy trustee on September 19, 2000, and the bankruptcy court confirmed the sale on December 20, 2000.

[¶ 15] Even if it was not an owner at the time the agreement was made, GOB claims to have acquired its share of Rainbow Canyon stock by operation of law. In the context of shareholder derivative suits, "the words 'operation of law' are used to designate any nonconsensual transaction by which plaintiff acquired the stock." Wright, Miller & Kane, *Federal Practice and Procedure: Civil* 3d § 1828, at 76. As we understand its argument, GOB contends that the purchase from the bankruptcy trustee, and confirmation by the bankruptcy court, is a transfer by operation of law. GOB presents no authority for this proposition, and we conclude that it is without merit. The undisputed facts establish that its purchase of the stock from the bankruptcy trustee was a consensual transaction. GOB deliberately attended the public sale and bid $76,958.00 for one share of Rainbow Canyon stock. The bankruptcy court confirmed the sale at that price. Moreover, GOB's argument would effectively eviscerate the contemporaneous ownership rule in cases of purchase from a bankruptcy trustee. GOB presents no compelling rea-

son—or, indeed, any reason at all—to do so. This deliberate purchase is not a transfer of ownership by operation of law.

[¶ 16] Affirmed.

---

6. Because this rule is very similar to its federal counterpart, F.R.C.P. 23.1, relevant federal authorities are highly persuasive. *Horn v. District Court, Ninth Judicial Dist.*, 647 P.2d 1368, 1374 n. 4 (Wyo.1982).