# IN THE SUPREME COURT, STATE OF WYOMING

# 2021 WY 103

APRIL TERM, A.D. 2021

September 21, 2021

SIERRA JADE SNOWDEN,

Appellant
(Respondent),

v.                                                    S-21-0032

TONY TYRONE JAURE,

Appellee
(Petitioner).

*Appeal from the District Court of Carbon County*
*The Honorable Dawnessa A. Snyder, Judge*

*Representing Appellant:*
    Stacy L. Rostad of Rostad Law, LLC, Laramie, Wyoming

*Representing Appellee:*
    Mary Katherine "Katye" Brown of Woodhouse Roden Nethercott, LLC, Cheyenne,
    Wyoming

*Before FOX, C.J., and DAVIS\*, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

*\* Chief Justice at time of brief-only conference.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**DAVIS, Justice.**

[¶1]    Sierra Snowden ("Mother") appeals the district court's decision to grant Tony Jaure's ("Father") petition to modify child support. On appeal, she claims the district court improperly imputed her net monthly income at $3,975. We affirm, and we deny Father's request for attorney fees and costs under Rule 10.05(b) of the Wyoming Rules of Appellate Procedure ("W.R.A.P.").

## ISSUES

[¶2]    There are two issues on appeal, which we state as follows:

>    I.     Did the district court abuse its discretion when it imputed Mother's net monthly income to calculate the presumptive child support amount?

>    II.    Is Father entitled to an award of attorney fees and costs under W.R.A.P. 10.05?

## FACTS

[¶3]    Mother and Father have one minor child, born in 2010. On August 29, 2018, the district court modified the parties' original parenting agreement entered on October 13, 2011. It modified custody, visitation, and support, and it awarded Mother and Father joint legal custody, with Father having primary physical and residential custody of the minor child. Mother was ordered to pay child support to Father in the amount of $245.33 per month.

[¶4]    Approximately fifteen months later, on December 2, 2019, Father filed a petition to modify child support, alleging that he had a good faith belief that Mother's income had increased by more than twenty percent and that this increase warranted a change in child support. On January 6, 2020, Mother filed her answer and a counterclaim, which sought to modify custody, visitation, and support. Father filed an answer on January 27, 2020.

[¶5]    Father filed a confidential financial affidavit claiming a net monthly income of approximately $2,300 on February 28, 2020. On August 25, 2020, Mother filed a confidential financial affidavit claiming a net monthly income of $0.00. The district court held a hearing on the pending claims on September 23, 2020.

[¶6]    At the hearing, Mother testified that she had been employed in the oil and gas industry, but that she was currently laid off. She testified that before she was laid off, she

1

received a salary of $5,300[1] per month. Mother said she was laid off because of the downturn in the oil and gas industry and the coronavirus pandemic. She also indicated that because of the coronavirus, she did not want her younger children in daycare, so she did not seek other temporary employment and stayed home to care for them. However, she testified that she expected to return to her employment in either October or November of 2020, although she was not sure whether she would receive her previous salary when she returned. Mother also testified that she has a cosmetology license and that sometime in 2018 she worked for a short period as a hairdresser to earn money to pay child support.

[¶7] Father testified that he was an employee for TBK Rental and Sales, making $35 an hour. He said that this was the same employment he had when child support was originally calculated. Father's confidential financial affidavit indicated that he worked 20 to 40 hours a week, but his gross income was reported at only 20 hours per week in the affidavit.

[¶8] The district court found that there was no material change in circumstances to warrant a change in custody or visitation, and it therefore denied Mother's petition. However, the court did find a material change in circumstances since its order regarding child support. Based on Father's confidential financial affidavit and testimony, it imputed Father's net monthly income at $4,550.00. It derived its calculation from Father's $35.00 per hour wage at 40 hours per week and a 25% deduction from that. Based on Mother's confidential financial affidavit and testimony, the court imputed Mother's net monthly income at $3,975.00. It based this calculation on Mother's testimony that she earned $5,300.00 gross income per month and applied the same 25% deduction it used to calculate Father's net income.

[¶9] Using these figures, the court calculated a presumptive child support obligation for both parents at $1,279.82 per month. It found Mother's share of the total presumptive child support obligation to be $596.75 per month. The increased child support was to first come due on October 1, 2020, and thus was prospective only, with no arrearages or retroactive child support awarded. The district court therefore simply adjusted future support to the amount it could impute based on the evidence before it.

[¶10] Mother timely appealed the district court's decision to impute her income and modify child support. Father requests attorney's fees and costs incurred in responding to Mother's appeal pursuant to W.R.A.P. 10.05(b).

## STANDARD OF REVIEW

[¶11] We review a district court's order modifying child support, including a decision to impute income, for an abuse of discretion. *Marquis v. Marquis*, 2020 WY 141, ¶ 20, 476

---

[1] Mother first testified that her salary was $5,600 a month after taxes, but then later testified she made about $5,300 a month. The district court used the $5,300 amount when it imputed Mother's income.

P.3d 212, 218 (Wyo. 2020); *Barrett-Oliver v. Quast*, 2013 WY 71, ¶ 8, 302 P.3d 909, 911 (Wyo. 2013). Child support determinations are left to the court's sound discretion and will not be disturbed on appeal absent a clear abuse. *Zupan v. Zupan*, 2016 WY 78, ¶ 5, 377 P.3d 770, 772-73 (Wyo. 2016) (quoting *Bagley v. Bagley*, 2013 WY 126, ¶ 6, 311 P.3d 141, 143 (Wyo. 2013)). "In determining whether an abuse of discretion occurred, our core inquiry is the reasonableness of the district court's decision." *Zupan*, ¶ 5, 377 P.3d at 772-73 (quoting *Bagley*, ¶ 6, 311 P.3d at 143).

> A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. Our review entails evaluation of the sufficiency of the evidence to support the district court's decision, and we afford the prevailing party every favorable inference while omitting any consideration of evidence presented by the unsuccessful party. Findings of fact not supported by the evidence, contrary to the evidence, or against the great weight of the evidence cannot be sustained.

*Bruce v. Bruce*, 2021 WY 38, ¶ 12, 482 P.3d 328, 332 (Wyo. 2021) (internal citations omitted) (quoting *Edwards v. Edwards*, 2020 WY 35, ¶ 10, 459 P.3d 448, 450 (Wyo. 2020)).

## DISCUSSION

[¶12] Mother challenges the district court's decision to impute an income of $3,975.00 for purposes of calculating her child support. She contends that she was not voluntarily unemployed, and that therefore the district court's decision to impute income lacked evidentiary support.

[¶13] A parent's net monthly income is used to calculate presumptive child support and to determine whether there is a change in income justifying modification of the support order. *See* Wyo. Stat. Ann. § 20-2-311(a) (LexisNexis 2021); Wyo. Stat. Ann. § 20-2-304; *Lemus v. Martinez*, 2019 WY 52, ¶ 19, 441 P.3d 831, 836 (Wyo. 2019). To determine each parent's net monthly income, the court begins by using the statutory definitions in Wyo. Stat. Ann. § 20-2-303(a)(ii) and (iii):

> (ii) "Income" means any form of payment or return in money or in kind to an individual, regardless of source. Income includes, but is not limited to wages, earnings, salary, commission, compensation as an independent contractor, temporary total disability, permanent partial disability and permanent total disability worker's compensation payments, unemployment compensation, disability, annuity and

retirement benefits, and any other payments made by any payor, but shall not include any earnings derived from overtime work unless the court, after considering all overtime earnings derived in the preceding twenty-four (24) month period, determines the overtime earnings can reasonably be expected to continue on a consistent basis. In determining income, all reasonable unreimbursed legitimate business expenses shall be deducted. Means tested sources of income such as Pell grants, aid under the personal opportunities with employment responsibilities (POWER) program, supplemental nutrition assistance program and supplemental security income (SSI) shall not be considered as income. Gross income also means potential income of parents who are voluntarily unemployed or underemployed[.]

(iii) "Net income" means income as defined in paragraph (ii) of this subsection less personal income taxes, social security deductions, cost of dependent health care coverage for all dependent children, actual payments being made under preexisting support orders for current support of other children, other court-ordered support obligations currently being paid and mandatory pension deductions. Payments towards child support arrearage shall not be deducted to arrive at net income[.]

[¶14] Gross income for determining child support includes "potential income of parents who are voluntarily unemployed or underemployed[.]" Wyo. Stat. Ann. § 20-2-303(a)(ii). In such a case, the parent's gross income is computed using potential earning capacity based on the following factors:

(A) Prior employment experience and history;

(B) Educational level and whether additional education would make the parent more self-sufficient or significantly increase the parent's income;

(C) The presence of children of the marriage in the parent's home and its impact on the earnings of that parent;

(D) Availability of employment for which the parent is qualified;

(E) Prevailing wage rates in the local area;

4

(F) Special skills or training; and

(G) Whether the parent is realistically able to earn imputed income.

Wyo. Stat. Ann. § 20-2-307(b)(xi).

[¶15]  The district court found that both parents underrepresented their likely income on their respective confidential financial affidavits.  On Father's confidential financial affidavit, he reported his income at $35.00 per hour for 20 hours per week as an employee of a business he owns.  However, the district court concluded that he could work more hours and imputed his income at his reported hourly wage of $35 an hour for 40 hours per week, resulting in a monthly gross income at $4,550.00.

[¶16]  The district court found it difficult to determine Mother's monthly income.  On her confidential financial affidavit, Mother reported an income of $0.00 per month.  However, she also testified that she planned to return to work for her former employer, so the court imputed Mother's gross monthly income at the amount she testified she previously earned. It held:

> THE COURT: . . . [I]t's also difficult to determine [Mother's] income because it does change so much.  But what she did testify to is she does have stability in the oil and gas industry, that she has made a conscious choice at this time, even though she is on furlough or a layoff, not to go out and seek other work. She also holds a cosmetology license, and she also testified that she could bring home while working for Blueprint -- is that the name of the company -- she was bringing home, after taxes, $5,300 a month.  And that she expects that job again to begin as soon as next month.
>
> * * * *
>
> And so what I have imputed Mom at is taking that $5,300, and I'm going to give her a 25 percent reduction because it is a tricky time in Wyoming with the industry and so I'm going to impute her income at $3,975.

[¶17]  Mother argues that she was not willfully unemployed, so the district court erred in calculating her income.  She claims that she was "unemployed as the direct result of the COVID-19 pandemic and the downturn in the oil industry," and that therefore the court should have set her income at $0.00.  Father argues that Mother is voluntarily unemployed

because as she testified, her employment in the oil and gas industry is stable, and she anticipated resuming that employment within a month of trial.

[¶18] In *Lauderman v. State, Dep't of Fam. Servs. ex rel. Jen*, we upheld the district court's finding that a mother was voluntarily unemployed when she was let go from her previous position and did not seek other employment, but instead chose to be a stay-at-home mother. 2010 WY 70, ¶ 8, 232 P.3d 604, 607 (Wyo. 2010). We found that testimony supported the finding that there were similar jobs available that mother was capable of performing, and that she only refrained from obtaining other employment because she did not want to be away from her children. *Id.* Given those circumstances, we found "it was well within the district court's discretion to find Mother voluntarily unemployed" and impute the mother's income. *Id.* (citing *In re Paternity of IC*, 971 P.2d 603, 607 (Wyo. 1999) (voluntarily leaving job to return to school constitutes voluntary unemployment). We further upheld the court's decision to impute income at the wage mother was previously earning before she was laid off. *Lauderman*, ¶ 9, 232 P.3d at 607.

[¶19] Given our holding in *Lauderman* and Mother's own testimony, we find the district court's decision to impute Mother's income at $3,975 reasonable under the circumstances. Mother testified that she was laid off in January 2020 with the downturn in the oil and gas industry, and then she voluntarily decided not to seek other employment due to the coronavirus pandemic. Mother further testified that she refrained from seeking other employment as she had done in the past because she did not want her younger children enrolled in daycare during the pandemic. While Mother may have understandably refrained from seeking work to care for her children during the pandemic, she also testified that she anticipated returning to work with her previous employer in approximately one or two months. The evidence at trial established that she had made approximately $5,300 per month with Blueprint, the employer she anticipated returning to, and her 2019 W-2 from Blueprint in fact shows that she earned $52,245.39, which would amount to approximately $4,300 per month. Based on the record before us, we can find no abuse of discretion in the court's decision to impute Mother's gross monthly income at $5,300 per month, and net monthly income at $3,975, with the increased support to begin the following month.

[¶20] Mother argues that "[e]ven if the gross income of $5,300.00 was derived correctly, the Court's deduction of 25 percent 'for insurance and the like,' or because '. . . it is a tricky time in Wyoming with the industry. . .' has no basis in the evidence or law." As noted above, the district court reduced both parents' income by 25% for these reasons. The discount therefore reduced both parents' support obligations to some extent. Mother suggests that there is no provision in the law for discounts or deductions.

[¶21] The trial court's method of computing child support causes us concern. Child support is governed by the Child Support Act, Wyo. Stat. Ann. § 20-2-301 through 316. The Act defines net income, provides the method for calculating support, and sets forth the

criteria for ordering a deviation. Compliance with the Act is mandatory, and it applies to all child support orders.

[¶22] However, we decline to consider this contention since it is not supported by cogent argument or citation to pertinent authority. *In Interest of DT*, 2017 WY 36, ¶ 29, 391 P.3d 1136, 1145 (Wyo. 2017) ("We consistently have refused to consider arguments not supported by cogent argument and citation to legal authority.") (citing *Peak v. Peak*, 2016 WY 109, ¶ 11, 383 P.3d 1084, 1088 (Wyo. 2016)); *see also McGuire v. Solis*, 2005 WY 129, ¶ 25, 120 P.3d 1020, 1026 (Wyo. 2005) ("Where an appellant asserts errors but cites no authority and makes only a perfunctory argument in support of the contention, this court will not consider the contention.").

### *Reasonable Cause for Appeal*

[¶23] Father requests that we award him attorney fees and damages under W.R.A.P. 10.05(b). Under the rule, if this Court certifies "there was no reasonable cause for the appeal," the appellee is entitled to "a reasonable amount for attorneys' fees and damages." W.R.A.P. 10.05(b); *see also Lemus*, ¶ 45, 441 P.3d at 841. "Rule 10.05 sanctions are generally not available for challenges to discretionary rulings, unless 'an appeal lacks cogent argument, there is an absence of pertinent legal authority to support the issues, or there is a failure to adequately cite to the record.'" *Carbaugh v. Nichols*, 2014 WY 2, ¶ 23, 315 P.3d 1175, 1180 (Wyo. 2014) (quoting *Welch v. Welch*, 2003 WY 168, ¶ 13, 81 P.3d 937, 940 (Wyo. 2003)).

[¶24] While we do find that portions of Mother's brief lacked citation to proper legal authority and cogent argument, we cannot certify that Mother had no reasonable cause for her appeal based on the record and authority she cited. We therefore deny Father's request for Rule 10.05 sanctions.

### CONCLUSION

[¶25] Based on the record before us, we find no abuse of discretion in the district court's decision to impute the parties' respective incomes for child support purposes. The decision to impute Mother's income at a wage from an employer for whom she anticipated returning to work was reasonable under the circumstances. Accordingly, we affirm, and we also deny Father's request for attorney fees and costs under W.R.A.P. 10.05(b).